■ In the Matter of CHANDRAPAUL RAMNARINE, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [647 NYS2d 994] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered March 10, 1995, which denied the application. The appeal brings up for review so much of an order

of the same court dated, June 2, 1995, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order entered March 10, 1995 is dismissed, as that order was superseded by the order dated June 2, 1995, made upon reargument; and it is further,

Ordered that the order dated June 2, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

In determining an application to serve a late notice of claim, the key factors are (1) whether the municipality acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or a reasonable time thereafter, (2) whether the petitioner had a reasonable excuse for the delay, and (3) whether the municipality will be substantially prejudiced by the delay in its defense on the merits (see, Matter of Sica v Board of Educ., 226 AD2d 542; General Municipal Law § 50-e [5]). Considering these factors, we conclude that the denial of the petitioner's application was not an improvident exercise of the court's discretion. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.